IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:20-CR-00101-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| DONNA MAE BUMGARDNER, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 45). Defendant seeks compassionate release arguing she faces a heightened risk of contracting COVID-19 while incarcerated at FMC Lexington[1] and that, due to her medical conditions, she faces a heightened risk of a severe case of COVID-19 or possibly death if she were to contract the virus. *Id*. Because Defendant has not met her burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny her motion.

Defendant is a 54 year-old woman serving a 84 month sentence for possessing and distributing methamphetamine. Defendant's Presentence Report, which was filed in September of 2021, stated that she suffered from high blood pressure, high cholesterol, arthritis, and other medical issues and had double hip replacement and double carpel tunnel surgeries. (Doc. No. 36, ¶ 112). In her motion, Defendant claims to suffer from diabetes, hyperlipidemia, bipolar disorder,

---

[1] According to the Bureau of Prison's (BOP) website, FMC Lexington currently has 1 inmate and 7 staff with confirmed active cases of COVID-19. There have been 10 inmate deaths, no staff deaths and 498 inmates have recovered and 218 staff have recovered. Additionally, at FMC Lexington, 370 staff have been fully inoculated and 1,429 inmates have been fully inoculated.

anxiety disorder, migraines, plantar fasciitis, cataracts, hypertension, asthma, back pain, and sleep apnea. (Doc. No. 45 at 6). Defendant's BOP medical records (from January 5, 2022, to June 1, 2022) reflect she suffers from hyperlipidemia, bipolar disorder, anxiety disorder, migraines, hypertension, asthma, gastro-esophageal reflux disease, obesity, and low back pain. (Doc. No. 46 and Doc. No 46-1 at 5). At this time, all of these conditions appear to be being treated with medication and follow-up medical visits are provided by the institution. (Doc. No. 46). Defendant is ambulatory and engages in all normal activities of daily living. (Doc. No. 45 at 4, and Doc. No. 46 at 9).

Despite her professed fears relating to contracting COVID-19 while incarcerated, Defendant has refused the COVID-19 vaccine offered by the BOP. (Doc. No. 45, at 3, 9). In so doing, Defendant declined the opportunity to reduce her risk of exposure to COVID-19 dramatically. She cannot reasonably expect that prolonging her risk of COVID-19 exposure by declining vaccination will be rewarded with a sentence reduction. *See, e.g., United States v. Williams,* No. CR1701279001PHXDLR, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) ("Defendant's own behavior [in refusing vaccination] is inconsistent with his position that he believes he is at increased risk from the virus."). If Defendant were to receive the vaccine, it would substantially mitigate his risk of COVID-19 infection and likely eliminate the basis for his compassionate release motion. "Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward [his] refusal to protect [himself] by granting [his] release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them." *United States v. Gonzalez Zambrano*, No. 18-CR-2002-CJW-MAR, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021); *see also United States v. Lohmeier*, No.

12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("Of course, were Mr. Lohmeier to substantially mitigate his risk of further COVID-19 infection, that would eliminate the predicate for his compassionate release motion. If that is the gambit, it fails."); *United States v. McBride*, 2021 WL 354129, at *3 (W.D.N.C. Feb., 2021) (finding that defendant failed to present an "extraordinary and compelling" reason for a sentence reduction where, despite having diabetes, he refused the COVID-19 vaccine); *Unites States v. Baeza-Vargas*, 2021 WL 1250349, at *2-3 (D.Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.") (collecting cases); see also, *United States v. Newell*, No. 1:13-CR-165-1, 2021 U.S. Dist. LEXIS 143059, 2021 WL 3269650, at *11 (M.D.N.C. July 30, 2021); *United States v. McDonald*, No. 3:16-CR-00218-FDW, 2021 U.S. Dist. LEXIS 129462, 2021 WL 2941554, at *3 (W.D.N.C. July 12, 2021).

Furthermore, Defendant has not met her burden of establishing that her risk is extraordinary and compelling because she has already contracted the virus and beaten it twice. (Doc. No. 45, at 9 and Doc. No. 46 -1 at 5). *See United States v. Logan*, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) (Reidinger, J.) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted – and beaten – the virus."); *see also, e.g., United States v. Jenkins*, 2021 WL 665854, at *4 (S.D. Ind. Feb. 19, 2021) (Barker, J.) ("To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19 – even when the defendant has risk factors for severe symptoms…. The fact that the BOP is now actively vaccinating inmates against COVID-19 … only underscores the speculative nature of any concern of reinfection."); *United States v. Marley*, 2020 WL 7798406,

at *3 (S.D.N.Y. Dec. 30, 2020) (Caproni, J.) ("With the vaccine rollout underway in the United States, the Court anticipates that Mr. Marley will receive a vaccine well in advance of his becoming susceptible to reinfection."); *United States v. Thompson*, 2020 WL 7771141, at *3 (N.D. Ill. Dec. 30, 2020) (Bucklo, J.); *United States v. Palpallatoc*, 2020 WL 7647198. At *3 (W.D. Wash. Dec. 28, 2020) (Settle, J.); *United States v. McCallum*, 2020 WL 7647198, at *1(S.D.N.Y. Dec. 23, 2020) (Seibel, J.) ("Now that he has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense.").

Accordingly, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on her concerns about contracting the virus. As such, Defendant's motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release and reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 45), is **DENIED**.

**SO ORDERED.**

Signed: August 19, 2022

Kenneth D. Bell
United States District Judge